STATE OF VERMONT

ENVIRONMENTAL COURT

Appeal of Susan M. Coleman    }        Docket No. 150-7-02 Vtec
                             }
                             }
                             }
                             }

Decision and Order

Appellant Susan M. Coleman appealed from the June 13, 2002 decision of the Zoning Board of Adjustment (ZBA) of the Town of St. Albans regarding an application filed by Appellee-Applicant Marcel Lebel.

Appellant appeared and represented herself; Appellee-Applicant Marcel entered his appearance representing himself but was represented at trial by his son Marc Lebel; two other interested parties, Stephen Smith and Kimberley Dean entered their appearances representing themselves, but did not take an active role at the trial and did not file post hearing memoranda. The Town of St. Albans is represented by David A. Barra, Esq., but did not take an active role at the trial and did not file post hearing memoranda. An evidentiary hearing was held in this matter before Merideth Wright, Environmental Judge. The parties were given the opportunity to submit written requests for findings and memoranda of law. Upon consideration of the evidence and the written memoranda, the Court finds and concludes as follows.

Appellee-Applicant owns or owned land in the Town of St. Albans and across the town line into Swanton. Appellee-Applicant developed a subdivision of lots with a road called Lebel Drive extending through the subdivision and over the line into Swanton, where four additional lots were approved, with a turnaround at the end. Appellant's lot is one of several on a separate road spur off the main Lebel Drive. Some of the confusion in this case is caused by the fact that the spur on which Appellant's house is located also is labeled Lebel Drive on at least one plan in evidence. To avoid this confusion, we will refer to the roadway running to Appellant's house, which Appellant-Applicants now wish to extend, as " the spur road."

Appellee-Applicant owns a parcel of property past and uphill from Appellant's house to the north and east, bounded by the Swanton town line, which he wishes to divide into two lots, one 2.6 acres in area and the other 1.2 acres in area. Appellee-Applicant has received state approval of the wastewater disposal and water supply systems to serve these two lots. Appellee-Applicant also owns or owned adjacent property[1] in Swanton.

The application materials provided to the Court (Appellee-Applicant's sole exhibits A & B) request approval of " a 50' ROW extension to serve a 2-lot subdivision per Section 400 & 401." The Bylaws require[2] in § 400 a 60-foot wide right-of-way for access to parcels lacking frontage on a maintained public road, except that rights-of-way at least 20 feet in width may be approved under § 401 for access to not more than two single-family dwellings. As Appellee-Applicant's

proposed right-of-way extension will only serve two single-family dwellings, it is unclear why it is being proposed to be 50-feet wide; that width is too narrow for any future subdivision purposes, and may be unnecessarily wide to serve solely the proposed two lots

Because the parties were unrepresented, did not provide the Court with the decision appealed from, and because Appellee-Applicant did not present testimony of a project engineer, it is difficult to tell whether Appellee-Applicant is simply seeking approval of the right-of-way extension, as a pre-requisite to applying for town approval of the two-lot subdivision, or whether Appellee-Applicant has or thinks he has applied for or obtained approval of the subdivision itself. It appears to the Court that all that is before the Court in this appeal is the proposed extension of the 50-foot-wide right-of-way past Appellant's driveway, and that any application for approval of the two-lot subdivision itself is not before the Court in the current appeal.

It is also not clear from any of the oral or documentary evidence supplied to the Court whether Appellee-Applicant is arguing that the spur road as it currently exists was built to Town standards or has been deeded to the Town, and whether Appellee-Applicant is proposing that the roadway Appellee-Applicant is proposing to build on the 50-foot right-of-way would be built to Town standards or be deeded to the Town. The Town has requested that the proposal provide a snow storage area on the subdivision property for town-plowed snow, and that Appellee-Applicant install drainage swales along the proposed right-of-way so that water from the generally uphill properties will not drain onto Appellant's property. The Town road standards allow a dead-end road to be constructed with a 24-foot-wide traveled way within the fifty-foot-wide right-of-way, and require a turnaround to be constructed at the end of a dead-end street. No turnaround was constructed on the spur road below its present end, and as a result town trucks and delivery vehicles often turn around in Appellant's driveway.

Appellant's drilled well was installed in a location that is only 7½ feet from her property line adjacent to the newly-proposed right-of-way, but that location was legal when the well was drilled. The required 25-foot minimum isolation distance for her well from a roadway would extend 17½ feet into the proposed right-of-way. If the road built on the proposed right of way were built in the center of the right-of-way and even if it were built to the minimum width of 24 feet (two twelve-foot-wide lanes), the edge of that roadway would be only 20½ feet from Appellant's well, less than the minimum distance required by state well-location regulations.

In addition, the location shown on the Hango engineering plans for the water supply and wastewater disposal systems for the proposed two-lot subdivision, as presented to the state for its approval, show the driveway for Lot 1 of the proposed subdivision directly uphill from and almost directly in line with Appellant's well across the proposed roadway. The location proposed by Appellee-Applicant for snow storage is in the corner of Lot 1 closest to the end of the existing roadway and also almost directly across the proposed right-of-way from Appellant's well. The Court finds the testimony of Appellant's engineer to be convincing that runoff from the proposed driveway for Lot 1 and the proposed location for snow storage will potentially affect Appellant's well.

It is possible that Appellee-Applicant's 3.8-acre parcel could be redesigned to meet the regulations, and could be developed for one or two lots with access designed to be further from

Appellant's well, with drainage designed to protect Appellant's well, and with a turnaround on or near currently proposed Lot 1. It is possible that Appellee-Applicant's 3.8-acre parcel could be redesigned to meet the regulations by being developed with access instead from the Swanton side of Appellant's contiguous property. It is possible that Appellee-Applicant's 3.8-acre parcel could be redesigned to meet the regulations and to be developed as a single lot with turnaround and private driveway. In the present case this Court makes no ruling on any design or alternative design for this property.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellee-Applicant's application to extend a 50-foot right-of-way to serve two additional lots is DENIED, without prejudice to his reapplying to the ZBA (or its successor board) with a revised design or additional information addressing the issues discussed in this decision.

Dated at Barre, Vermont, this 12th day of May, 2003.


_____

Merideth Wright
Environmental Judge


**Footnotes**

[1.]    The parties have provided no evidence from which the Court could draw a conclusion as to whether access to the subject parcel could be developed from Appellee-Applicant's land in Swanton, rather than by an extension of the right-of-way at issue in the present appeal.

[2.]    The copy of the Zoning Regulations provided as Appellant's Exhibit 11 only provides the odd-numbered pages, and is missing the page containing §§400 and 401. For the purposes of this decision the Court has obtained those sections from a copy of the regulations filed in Docket No. 212-9-02 Vtec; if the present case is appealed to the Supreme Court, Appellant should provide a complete copy of Exhibit 11 for the file.